Hyman Korn, J.
Plaintiff moves for dismissal of the first and second defenses constituting the “ Warsaw Defense ” under the Warsaw Convention, defendant contending that the subject transportation was an international flight within the convention with consequent limitation of liability or additional recovery upon proof of willful misconduct.
The deaths here involved arose out of a crash of an American Airline jet upon take-off in New York for a nonstop flight to Los Angeles. Defendant contends that the issued tickets constitute an itinerary from New York to the Far East and return to New York involving various air carriers.
The travel agent from whom the tickets were purchased asserts that the New York-Los Angeles segment was sold as a single and separate domestic flight with all the incidents of a domestic flight and with no disclosure or advice that it was merely a part of a single international flight. Thus, the decedents, residents of New York, purchased the tickets here, and died here, where defendant has its principal place of business. It is not alleged, as asserted, that any contract was made with the defendant for an international flight or for any flight regarded as an international flight. Further, it appears that a full domestic fare upon family-plan basis was paid for passage from New York to Los Angeles and the customary United States tax thereon was assessed. Payment of tax and the United States Code cannot, defendant argues, control the question of coverage. That, however, is not the conclusive answer. The United States Code (tit. 26, § 4262, subd. [a], par. 2) provides in part: “ (a) Taxable transportation * * *
“ In the case of transportation other than transportation described in paragraph (1), that portion of such transportation which is directly or indirectly from one port or station in the United States to another port or station in the United States, but only if such portion is not part of uninterrupted international air transportation (within the meaning of subsection [c] [3]).”
*858 In this instance, a stopover in Los Angeles for several days was provided. The incidents of domestic travel existed as provided in the code and there resulted an international transportation after take-off from Los Angeles. The flight to Los Angeles was part of an interrupted air transportation and provided on a domestic basis. In addition, these consequences of the facts as reflected in the tax statute are supported in the Warsaw Convention provision paragraph (3) of article 1: “ Transportation to be performed by several successive air carriers shall be deemed, for the purposes of this convention, to be one undivided transportation, if it has been regarded by the parties as a single operation ”. In the circumstances here, a conclusion that the decedents took the New York-Los Angeles tickets as part of a single uninterrupted international passage is erroneous. The motion is granted and the defenses are dismissed.